FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 FEB 27 PM 1:09
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *Plaintiff,* | |
| v. | Criminal No. ELH-08-0086 |
| JERROD FENWICK, | |
| *Defendant.* | |

## MEMORANDUM

Through counsel, Jerrod Fenwick has filed a "Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines in light of *Hughes v. United States*, 138 S. Ct. 1765 (2018)." ECF 1608 (the "Motion"). The Motion is supported by multiple exhibits. Defendant also filed a supplemental exhibit. *See* ECF 1609. The government has filed a response in opposition. ECF 1620. Mr. Fenwick has replied. ECF 1623.

No hearing is necessary to resolve the Motion. Local Rule 105.6.

The defendant was one of 28 people indicted on February 21, 2008, on racketeering and other charges. ECF 1 (Indictment).[1] Mr. Fenwick entered a plea of guilty on November 4, 2009; to a charge of conspiracy to participate in the activities of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). *See* ECF 740; ECF 741 (Plea Agreement); ECF 1608-1 (Plea Agreement). The underlying racketeering activity was conspiracy to distribute narcotics. ECF 741 at 4, ¶ 6(a). Notably, the plea was entered under F.R. Crim. P. 11(c)(1)(C). ECF 1608-1, ¶ 9.

Under the Plea Agreement, the defendant's base offense level was 32, based on a drug quantity of at least one kilogram of heroin. *See* U.S.S.G. § 2D1.1(c) ECF 741, ¶ 6(a). The parties

---

[1] The filings in the case are not electronically available until August 22, 2008, with ECF 350.

agreed to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), because a firearm was possessed in connection with the offense. ECF 741, ¶ 6(a). He also agreed to a four-level enhancement as a *supervisor* or manager in a criminal activity with five or more persons. *See* U.S.S.G. § 3B1.1; ECF 741, ¶ 6(a). After a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the parties anticipated a final offense level of 35. ECF 741, ¶ 6(b).

Under the terms of the C plea, the parties agreed to a sentence range of 210 months to 228 months of imprisonment. ECF 1608-1, ¶ 9. That sentencing range corresponds to an offense level of 35 and a Criminal History Category of III. The parties also agreed that the sentence would run concurrent with the sentence the defendant was serving in case WDQ-07-0444. ECF 741, ¶ 7.

On November 4, 2009, the Rule 11 proceeding was conducted by Judge William D. Quarles, Jr., to whom the case was then assigned. *See* ECF 1608-2 (transcript). The terms of the Plea Agreement were carefully reviewed with the defendant by the Court. *Id.*

Sentencing was held on February 23, 2010. ECF 866. Judge Quarles determined that defendant had a Criminal History of IV. *See* 873 (Statement of Reasons), § III. However, the prosecutor explained that the parties had anticipated a criminal history category of III. *See* ECF 1608-3 (transcript) at 2-3. The government represented that, notwithstanding the determination of a criminal history category of IV, the government was "maintaining the agreement[.]" *Id.* at 3. Judge Quarles said: "I will give the parties the benefit of their bargain." *Id.* at 4.

Accordingly, the Court imposed a sentence of 210 months imprisonment, concurrent with the sentence the defendant was then serving in Case WDQ-07-044. *See* ECF 872 (Judgment). That sentence corresponded to the bottom of the anticipated guidelines range for an offense level of 35 and a Criminal History Category of III (*i.e.*, 210 to 228 months).

Amendment 782 reduced by two levels the offense level associated with various drug quantities under § 2D1.1 of the Guidelines. And, Amendment 782 was made retroactive on July 18, 2014. *See* ECF 1620 at 2, n.1. It is undisputed that, as revised, the defendant now has a final offense level of 33. Coupled with a Criminal History Category of IV, his Advisory Guidelines Sentencing Range is now 188 to 235 months.

It is clear, under *Hughes*, 138 S. Ct. 1765, that the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2) and Amendment 782. As the defendant indicates, his Plea Agreement, rearraignment, and sentencing hearing are "replete with examples of how his guideline range was part of the framework the court relied upon in accepting the agreement and imposing the sentence." ECF 1608 at 2.

Moreover, for the reasons stated by the defense, the Court rejects the government's contention that the Court is unable to consider the Motion. And, for the reasons stated by the defense, the Court believes that a sentencing reduction is appropriate, in light of all of the factors under 18 U.S.C. § 3553(a).

In my view, given all the factors under 18 U.S.C. § 3553(a), a sentence at the low end of the revised guidelines is appropriate.

An Order follows.

Date: February 27, 2020

/s/
Ellen L. Hollander
United States District Judge